# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DONTE CAMMON,  Case No. 1:08-cv-479
    Plaintiff

                                          Dlott, J.
vs                                        Black, M.J.

HAROLD BELL,  **ORDER**
    Defendant

      Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

      A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

      Congress has also authorized the dismissal of complaints which fail to state a claim

upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 517 (1984)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff, who is proceeding pro se, brings this action against Harold Bell, the Chairman of the Rules Infraction Board (RIB) at SOCF. The complaint and attachments thereto allege that plaintiff was found guilty of several rules violations including encouraging other inmates to riot, resisting staff orders, and removing his handcuffs, all of which caused injury to prison staff. Plaintiff states he is not challenging the guilty finding of the RIB, but rather the punishment imposed. Plaintiff was sentenced to a sixty-day recreation restriction. The Rules Infraction Board's decision states the restriction was to run from "7/19/06 through 10/10/06," which amounts to an eighty-four day recreation restriction. Plaintiff alleges that defendant Bell "deliberately calculated the start date and end date of the recreation restriction to be more than sixty (60) days to harass plaintiff." (Doc. 3 at 2). Plaintiff states he was in segregation

2

during the entire period of his recreation restriction and on "lock down nearly 24 hours per day." He alleges the forgoing actions amount to cruel and unusual punishment under the Eighth Amendment and discrimination under the Fourteenth Amendment. Plaintiff seeks $20,000 in compensatory damages and $70,000 in punitive damages.

In this case, plaintiff's complaint fails to state a claim for relief under the Eighth Amendment. "[A] total or near-total deprivation of exercise or recreational opportunity, *without penological justification*, violates Eighth Amendment guarantees." *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983) (emphasis added). *See also Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985). In evaluating denial of exercise claims under the Eighth Amendment, the Court considers factors such as size of the cell, opportunity for contact with other inmates, time per day expended outside the cell, justifications for denial of the right to exercise, physical or psychological injuries resulting from a lack of exercise, and a particularized need for exercise. *Patterson,* 717 F.2d at 289. Prisoners are not entitled to the same amount of exercise per day, nor is there an across-the-board constitutional minimum of daily exercise to avoid an Eighth Amendment violation. *See Rodgers v. Jabe*, 43 F.3d 1082, 1086-87 (6th Cir. 1995). Here, plaintiff was found guilty of encouraging other inmates to riot, resisting staff orders, and removing his handcuffs. His actions resulted in injury to prison staff. Even if the recreation restriction exceeded the original punishment by twenty-four days, the overall restriction was justified to punish plaintiff's misconduct and to discourage further dangerous and inappropriate behavior on his part. The safety of prison staff and other inmates is a legitimate penological purpose. This Court, as well as others, have upheld recreation restrictions imposed as a punishment under similar circumstances. *See Watley v. Carter*, Case

No. 1:00-cv-928 (S.D. Ohio Oct. 10, 2001) (upholding eight separate recreation restrictions amounting to nearly a full year of recreation restriction for inmate who chronically violated institutional rules and posed threat to both inmates and staff at SOCF). *See also Selby v. Martin,* 84 Fed. Appx. 496, 498 (6th Cir. 2003) (unpublished) (no Eighth Amendment violation for inmate wearing chains during exercise time due to inmate's previous escape attempts); *Meador-Bey v. Jones*, 983 F.2d 1067 (6th Cir. 1992)(unpublished), 1992 W.L. 376889 (upholding thirty day loss of out-of-cell exercise following conviction of major misconduct violation); *Leonard v. Norris*, 797 F.2d 683, 685 (8th Cir. 1986) (upholding recreation restriction policy which discouraged disruptive behavior of inmate unfit to circulate among the prison's general population). Courts have permitted long-term denials of exercise where justified by a particularized security risk. *See LeMaire v. Maass*, 12 F.3d 1444, 1458 (9th Cir. 1993) (finding no Eighth Amendment violation where prisoner denied out-of-cell exercise for five years because inmate posed constant threat of attack); *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988) (per curiam) (affirming prisoner's three month solitary confinement without outdoor exercise where prisoner posed security risk for prior escape from jail). In addition, plaintiff does not allege he suffered any physical or psychological injuries as a result of the restriction, nor does he allege a particularized need for recreation. The complaint also indicates he had out-of-cell time at least once a day. Considering the totality of the *Patterson* factors cited above, plaintiff's complaint fails to state a claim for relief under the Eighth Amendment.

     Plaintiff's complaint also alleges that defendant Bell's miscalculation of the recreation restriction to impose an additional twenty-four days was merely intended to harass plaintiff,

and amounts to discrimination under the Fourteenth Amendment. Plaintiff's vague and conclusory allegations of discriminatory conduct are not sufficient to state a claim for relief under § 1983. *See McKinley v. Bowlen*, 8 Fed. Appx. 488, 493 (6th Cir. 2001) (unpublished), 2001 WL 493394, *2 (citing *Kensu v. Haigh,* 87 F.3d 172, 175-76 (6th Cir. 1996)). Therefore, this claim must also be dismissed.

Accordingly, plaintiff's complaint is hereby **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. §§1915(e)(2)(B) and 1915A(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**


      S/Susan J. Dlott
      Susan J. Dlott, Judge
      United States District Court